Tom Schoenleben
BITTEROOT LAW
P.O. Box 1312
Hamilton, MT 59840
Tel. (406) 360-7336
tom@bitterrootlaw.com
Attorney for the Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| JUSTIN LAYNE DAVIS,<br><br>                    Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE<br>COMPANY,<br><br>                    Defendant. | Cause No.:<br><br><br>**COMPLAINT & DEMAND FOR<br>TRIAL BY JURY** |

Comes now the Plaintiff above named and for his claim against the

Defendant alleges and claims as follows.

### I. Parties, Jurisdiction and Venue

1.      At all times pertinent in this matter, including the time of the crash,

the Plaintiff, Justin Layne Davis (hereinafter Davis), was a resident of the State of

Montana, County of Ravalli.  Mr. Davis now resides in Colorado.

1

2.     Allstate Insurance Company (hereinafter Allstate) is incorporated or domiciled in the State of Illinois.    Allstate has a resident agent for service of process in the state of Montana located in the County of Missoula, Montana.

3.     This Court has jurisdiction over this action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and it concerns citizens of different states. *See* 28 USC § 1332(a)(2).

4.     Venue is proper in the United States District Court for the District of Montana, Missoula Division (L.R. 3.2(b), incorporating Montana state law for venue).  Under Montana law venue for an insurance contract recovery claim is "the county where the loss or injury occurred" (Mont. Code Ann., § 25-2-121(2)(c)) and venue for a tort action is likewise the county where the tort was was committed. Mont. Code Ann., §25-2-122(b). The events giving rise to Mr. Davis's claim occurred in Ravalli County, Montana , making venue proper in this Court.

## II. Facts

5.     The paragraphs set out above are incorporated by reference as though set out in full herein.

6.     Mr. Davis purchased an automobile insurance policy from Allstate. and Allstate has acknowledged Mr. Davis' underinsured claim as claim number 039242499KLW.

7.     The Policy that Mr. Davis purchased from Allstate included underinsured motorist coverage ("UIM"). Underinsured motorist coverage protects a policyholder from the loss associated with bodily injury caused by the owner or operator of an underinsured motor vehicle, which is a vehicle without enough liability coverage to pay for the policyholder's losses.  The Policy provides: "[W]e will pay damages which an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of bodily injury sustained by an insured person."  The Policy defines uninsured auto as *inter alia* "a motor vehicle covered by a bond or insurance policy which provides at least the minimum financial security requirements of the state in which your insured auto is principally garaged, but the limits are less than the damages the insured person is legally entitled to recover."

8.  Mr. Davis paid Allstate a premium for the UIM coverage. In exchange, Allstate promised to pay UIM benefits pursuant to the terms of the policy.  The Policy is a contract of insurance.

9.  On November 24, 2015, a certain individual (Arthur James Alison) lost control of the vehicle he was driving, crossed the roadway center line, and crashed into Mr. Davis.  The crash occurred on Dutch Hill Road in Ravalli County, Montana.  Mr. Alison caused harm to Mr. Davis.

10.    At the time of the crash, Mr. Alison was covered by an automobile insurance policy with Wawanesa General Insurance Company (Wawanesa), with liability limits of $250,000.  Wawanesa paid Mr. Davis the policy's liability limits. However, the damages that Mr. Alison caused Mr. Davis exceed the liability limits.

11.    As such, Mr. Alison is an underinsured motorist as defined by the Policy Mr. Davis purchased from Allstate.

12.    On May 11, 2018, Mr. Davis's attorney wrote Allstate and requested that Allstate pay Mr. Davis's claim.  While Allstate has acknowledged Mr. Davis' underinsured claim as claim number 039242499KLW Allstate has paid Mr. Davis nothing as of the date of this complaint.

### III.  Breach of Contract

13.  The paragraphs set out above are incorporated by reference as though set out in full herein.

14.    Mr. Davis has suffered injury and loss in excess of the underinsured coverage provided by the Policy.   Mr. Davis' medical bills and lost wages, alone, exceed $298,000.

15.    Allstate sold Mr. Davis one (1) automobile insurance policy (the Policy), which provided underinsured motorist insurance coverage of $100,000 for each person.

16.   Mr. Davis has sustained a covered loss under the Policy.

17.   Allstate has a contractual duty under the Policy to pay Mr. Davis damages up to the underinsured motorist insurance policy limits of $100,000 each person.

18.   By failing to pay Mr. Davis the full benefit of Policy, Allstate has breached its contract with him.

### IV.  Violation of UTPA

19.   The paragraphs set out above are incorporated by reference as though set out in full herein.

20.   Montana's Unfair Trade Practices Act ("UTPA") governs trade practices in insurance.  Mont. Code Ann. Title 33, Ch. 18, Pt. 103.  The UTPA prohibits unfair or deceptive acts or practices.  Mont. Code Ann. § 33-18-101.  An insurer may not:

> (1) misrepresent pertinent facts or insurance policy provisions relating to coverages at issue;
> . . .
> (4) refuse to pay claims without conducting a reasonable investigation based upon all available information;
> (5) fail to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;
> (6) neglect to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;
> . . .
> (9) attempt to settle claims on the basis of an application that was altered without notice to or knowledge or consent of the insured;
> . . .

(13) fail to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;

Mont. Code. Ann. § 33-18-201. If an insurer violates the UTPA, an insured has an independent cause of action against an insurer for actual damages. Mont. Code Ann. 33-18-242. An insured may also seek exemplary damages pursuant to Mont. Code Ann. § 27-1-221. Exemplary or punitive damages may be imposed when a defendant is guilty of actual fraud or actual malice. Mont. Code Ann. § 27-1-221. Montana law defines actual malice as:

A defendant is guilty of actual malice if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff and: (a) deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff; or (b) deliberately proceeds to act with indifference to the high probability of injury to the plaintiff.

Mont. Code Ann. 27-1-221(2), MCA

21.    Mr. Davis hereby states and reserves his right to make this UTPA claim upon determination that Allstate to required to pay (or does pay) Mr. Davis the underinsured amounts due under the Policy and upon analysis of the conduct of Allstate in reaching a resolution of payment.

22.    This potential UTPA claim is based on Allstate's refusal to act according to law, including delay and misrepresentation in the past and continuing.

## Demand for a Jury Trial

23.    Mr. Davis respectfully demands that the Court sets this matter for a jury trial pursuant to U.S. Const. amend. VII and Fed. R. Evid. 38.

## Request for Relief

24.    Mr. Davis seeks damages for breach of contract, including the full amount afforded by the Policy.

25.    To the extent allowed by facts, and at the time allowed by law, Mr. Davis reserves a right to seek a determination of violation of the UTPA, including determination of the amount of compensatory damages and punitive damages based on this violation.

26.    Mr. Davis seeks attorney fees pursuant to the insurance exception to the American rule as defined by this Court in *Riordan v. State Farm Mut. Auto. Ins. Co.*, 2008 U.S. Dist. LEXIS 47734, 2008 WL 2512023, and *Mlekush v. Farmers Ins. Exch.*, 404 P.3d 704 (Mont. 2017).

27.    Mr. Davis seeks his costs.

Dated this 12th day of <u>February</u> 2021.

Attorney